**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4158**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEMEL MAURICE LYLES, a/k/a Michael Anderson, a/k/a Anthony Alva, a/k/a Tony Alva,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:15-cr-00168-DKC-1)

Submitted: February 23, 2018                    Decided: March 16, 2018

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul F. Enzinna, ELLERMAN ENZINNA PLLC, Washington, D.C., for Appellant. Stephen M. Schenning, Acting United States Attorney, Thomas M. Sullivan, Ray D. McKenzie, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jemel Maurice Lyles appeals the district court's judgment after his jury conviction for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (2012), wire fraud in violation of 18 U.S.C. §§ 2, 1343 (2012), and two counts of money laundering in violation of 18 U.S.C. §§ 2, 1957 (2012). The district court sentenced him at the high end of his Sentencing Guidelines range to 33 months in prison, three years of supervised release, and restitution of $72,000. On appeal, he contends that the district court erred in instructing the jury on money laundering, enhancing his sentence for use of sophisticated means, and imposing a substantively unreasonable sentence. We affirm.

Lyles first contends the district court erred in instructing the jury on the elements of money laundering under 18 U.S.C. § 1957, and specifically, as to "specified unlawful activity." Because he did not object to the instruction in the district court, we review this issue for plain error. *See United States v. Hale*, 857 F.3d 158, 172 (4th Cir. 2017). Therefore, to prevail on appeal, he "must show: (1) there was an error; (2) the error was 'clear or obvious, rather than subject to reasonable dispute;' (3) 'the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court's proceedings;' and (4) 'the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Fuertes*, 805 F.3d 485, 497 (4th Cir. 2015) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

We have reviewed the record and conclude that Lyles fails to make the required showing. He contends that the district court's instructions were inadequate as to the term "specified unlawful activity" but does not assert the evidence was insufficient to convict

2

him or that his underlying crime of wire fraud did not constitute "specified unlawful activity" under 18 U.S.C. § 1957. Even if he showed any error that was clear or obvious, rather than subject to reasonable dispute, and that his substantial rights were affected, we would not exercise our discretion to notice it in this case. "'Central to this inquiry is a determination of whether, based on the record in its entirety, the proceedings against the accused resulted in a fair and reliable determination of guilt.'" *United States v. Ramirez-Castillo*, 748 F.3d 205, 217 (4th Cir. 2014) (quoting *United States v. Cedelle*, 89 F.3d 181, 186 (4th Cir. 1996)). "Accordingly, only if in the context of the proceedings taken as a whole, the error either led to the conviction of a defendant who is actually innocent or otherwise seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings should we exercise our discretion . . . to notice it." *Cedelle*, 89 F.3d at 185-86 (internal quotation marks and citations omitted). We conclude that Lyles has not shown our failure to correct any potential error would result in a miscarriage of justice, or that the proceedings did not result in a fair and reliable determination of guilt.

Lyles' remaining issues challenge his sentence. "As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks and citation omitted). We must first ensure that the district court did not commit a significant procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007). "Whether a defendant's conduct involved sophisticated means is a factual inquiry that we review for clear error." *United States v. White*, 850 F.3d 667, 675 (4th Cir.), *cert. denied*, 137 S. Ct. 2252 (2017) (citing *United States v. Adepoju*, 756 F.3d

3

250, 256 (4th Cir. 2014)). If there is no procedural error, we review the substantive reasonableness of the sentence for abuse of discretion, taking into account the totality of the circumstances. *Gall*, 552 U.S. at 51. A sentence within the Guidelines range is presumptively reasonable. *White*, 850 F.3d at 674. The presumption can only be rebutted by showing the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) (2012) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that the district court did not err or abuse its discretion in sentencing Lyles. He first challenges his enhancement for use of sophisticated means. Because he objected in the district court, we review this issue for clear error. "A clear error occurs where we are left with a firm and definite conviction that a mistake has been committed." *Adepoju*, 756 F.3d at 258 (citation omitted).

"Section 2B1.1(b)(10)(C) directs the sentencing court to increase the offense level by two levels if 'the offense otherwise involved sophisticated means.'" *United States v. Wolf*, 860 F.3d 175, 199 (4th Cir. 2017) (quoting USSG § 2B1.1(b)(10)(C)). "'[S]ophisticated means' means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." USSG § 2B1.1 cmt. n.9(B). "The commentary to the Guideline provides examples warranting application of the sophisticated-means enhancement, including '[c]onduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts.'" *Wolf*, 860 F.3d at 199 (quoting USSG § 2B1.1 cmt. n.9(B)). A second example given is "locating the main office of [a telemarketing] scheme in one jurisdiction but locating soliciting operations in another." USSG § 2B1.1 cmt. n.9(B).

4

"The enhancement applies where the entirety of a scheme constitutes sophisticated means, even if every individual action is not sophisticated." *Adepoju*, 756 F.3d at 257 (citing *United States v. Jinwright*, 683 F.3d 471, 486 (4th Cir. 2012)). "A sentencing court should consider the cumulative impact of the criminal conduct, for the 'total scheme' may be 'sophisticated in the way all the steps were linked together.'" *Jinwright*, 683 F.3d at 486 (citations omitted). "As we previously observed, '[t]he enhancement requires some means of execution that separates the offense before us from the ordinary or generic.'" *Wolf*, 860 F.3d at 199 (quoting *Jinwright*, 683 F.3d at 486); *see also Adepoju*, 786 F.3d at 257 (noting in a bank fraud case that "sophistication requires more than the concealment or complexities inherent in fraud," and "[t]hus, fraud per se is inadequate for demonstrating the complexity required for [the] enhancement").

Having reviewed the record, we find no clear error in the district court applying the sophisticated means enhancement in this case. We also reject Lyles' argument that his sentence is substantively unreasonable. The district court applied relevant § 3553(a) factors and adequately explained its reasons for sentencing him at the high end of his Guidelines range. On appeal, Lyles contends that his sentence is harsh and unwarranted. However, we conclude he fails to show any unwarranted sentence disparities under 18 U.S.C. § 3553(a), or to otherwise rebut the presumption that his sentence is reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

5